# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISRICT OF TENNESSEE

| | | |
|---|---|---|
| **LORIAN M. CRAWFORD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 2:24-cv-02907 |
| | ) | |
| **PILOT.COM, INC.,** | ) | **Judge Norris** |
| | ) | |
| **Defendant.** | ) | **Magistrate Judge Christoff** |

## DEFENDANT PILOT.COM'S ANSWER AND DEFENSES

Defendant Pilot.com, Inc. ("Defendant" or "Pilot"), by and through the undersigned counsel, responds to Plaintiff Lorian M. Crawford's ("Plaintiff") Complaint as follows:

1. Pilot lacks knowledge or information sufficient to form a belief about Plaintiff's citizenship or residency.

2. Admitted.

3. Pilot admits Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1981, as amended, and Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., but denies Plaintiff is entitled to the relief she seeks in her Complaint or any other relief and denies it has taken any unlawful actions with respect to Plaintiff. The remainder of Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the remaining allegations.

4. Pilot does not dispute this Court's federal question jurisdiction. Pilot denies, however, that it violated any law with respect to Plaintiff or otherwise violated Plaintiff's rights and denies Plaintiff is entitled to the relief she seeks in the Complaint or any other relief.

1

5.      Pilot does not dispute venue in this Court.  Pilot denies, however, that it violated any law with respect to Plaintiff or otherwise violated Plaintiff's rights and denies Plaintiff is entitled to the relief she seeks in the Complaint or any other relief.

6.      Denied.

7.      Pilot admits that on or about September 23, 2019, it employed Plaintiff as an Account Manager in the Finance Operations or "FinOps" department.  Pilot lacks knowledge or information sufficient to form a belief about what race or gender Plaintiff identifies.  Pilot denies that Plaintiff was a "good, effective employee" during her employment.  Pilot admits Plaintiff did not have any formal disciplinary actions prior to her separation as part of a company-wide reduction-in-force. Pilot denies all remaining allegations contained in Paragraph 7.

8.      Pilot admits that Plaintiff was a "Level 2," but denies the remaining allegations in Paragraph 8.

9.      Pilot admits that in January 2021, Plaintiff became a Senior Account Manager and at some point, became a pod lead.  Pilot further admits that Plaintiff's supervisor at that time was Andrew Bellieveau.  Pilot admits that Plaintiff was asked to consider what other team members she may want in her "pod," but Pilot denies Plaintiff was told she could "pick" the individuals. Pilot denies the remaining allegations contained in Paragraph 9.

10.     Pilot admits Plaintiff's job title was renamed as "Senior Finance Operations Account Manager." Pilot denies the remaining allegations in Paragraph 10.

11.     Pilot admits that in January 2022, Plaintiff was moved into an Internal Operations Senior Associate role within the G&A Internal Operations team. Pilot denies the remaining allegations in Paragraph 11.

12. Pilot admits that Plaintiff was on approved FMLA leave from October 3, 2022, through December 25, 2022.  Pilot admits Moss completed Plaintiff's 360 review during the normal review period and gave Plaintiff a performance rating of "Meets Most Expectations."  The document speaks for itself, and no response is required concerning the contents of the review.  Pilot denies the remaining allegations in Paragraph 12.

13. Pilot lacks sufficient information or knowledge to identify the alleged "comparators" referred to in Paragraph 13 and therefore denies the allegations in Paragraph 13 of the Complaint.

14. Pilot lacks sufficient information or knowledge to identify who Plaintiff contends is a "comparator to Plaintiff, black female," or who "their manager (white female)" is and therefore denies the allegations in Paragraph 14.

15. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff "witnessed," or who the "similarly situated black female" is or whether they "utliz[ed] the company's unlimited sick leave policy," and therefore denies the same.  Pilot's PTO policy, and any revisions thereto, speak for themselves.  Pilot denies the allegations contained in Paragraph 15.

16. Pilot admits that during a 2020 All Hands meeting Plaintiff was one of several employees who discussed Pilot's employee retention and attrition rates.  Pilot also admits that Arnold sent a follow-up email to this All Hands meeting, which speaks for itself.  Pilot denies the remaining allegations in Paragraph 16.

17. Pilot admits that upon her return from FMLA leave, Plaintiff contacted Carmen Cooper, VP People, and mentioned the loss of family members and concerns about her own job performance.  Pilot denies the remaining allegations contained in Paragraph 17.

18. Pilot admits that FinOps was considering a reorganization. Pilot denies the remaining allegations in Paragraph 18.

19. Denied.

20. Denied.

21. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff "learned." Pilot denies the allegations in Paragraph 21.

22. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff alleges Coral Feigin said or believed and thus denies the allegations in Paragraph 22. Pilot specifically denies that Pilot's hiring and recruitment processes are racist.

23. Pilot admits that on January 13, 2023, Plaintiff was informed that Pilot was eliminating her position as part of a reduction-in-force that included 47 employees. Pilot denies the remaining allegations in Paragraph 23.

24. Pilot admits that on January 13, 2023, Plaintiff was informed that Pilot was eliminating her position as part of a reduction in force. Pilot also admits that it terminated access to Pilot's email system for all individuals included in the reduction-in-force. Pilot denies the remaining allegations in Paragraph 24.

25. Pilot admits that Plaintiff exchanged emails with McKellar about the reduction-in-force and the emails speak for themselves. Pilot denies the remaining allegations in Paragraph 25.

26. The correspondence referenced in Paragraph 26 speaks for itself and no response is required.

27. The correspondence referenced in Paragraph 27 speaks for itself and no response is required.

28.     Pilot lacks knowledge or information sufficient to form a belief about what Plaintiff has or has never had to do. Plaintiff otherwise denies the allegations in Paragraph 28.

29.     Pilot admits that Moss was Plaintiff's direct supervisor from December 25, 2022, through January 13, 2023. The correspondence referenced in Paragraph 29 speaks for itself and no response is required. To the extent a response is required, Pilot denies the remaining allegations contained in Paragraph 29.

30.     The correspondence referenced in Paragraph 30 speaks for itself and no response is required. Pilot specifically denies, however, that Plaintiff was ever "moved" to work "operations work 100% of the time."

31.     Denied.

32.     Pilot denies Plaintiff's description of "operations," and what her job role "f[ell] under." Pilot admits that of the four individuals who were Internal Operations Associates, Pilot reduced the position by one. Otherwise, Pilot denies the remaining allegations in Paragraph 32.

33.     Pilot admits Plaintiff applied for a Finance Operations Account Manager position on or about January 17, 2023, and that she was not selected for the position. The correspondence referenced in Paragraph 33 speaks for itself and no response is required. Pilot denies the remaining allegations in Paragraph 33.

34.     Pilot admits that Plaintiff was not selected for the Finance Operations Account Manager position for which she applied on January 17, 2023. Pilot admits that Plaintiff was notified she was not selected on or about February 7, 2023. Pilot also admits Plaintiff filed a Charge of Discrimination with the EEOC on February 7, 2023. Pilot denies the remaining allegations in Paragraph 34.

35.     Pilot lacks knowledge or information sufficient to form a belief about Plaintiff's "overall health."  Pilot denies that any "decline in [] overall health including but not limited to increased emotional distress" is due to any conduct by Pilot or that Pilot has otherwise violated Plaintiff's rights and denies Plaintiff is entitled to the relief she seeks in the Complaint or any other relief.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied.

### COUNT I – RACE DISCRIMINATOIN § 1981

41.     Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

42.     Paragraph 42 of the Complaint contains legal conclusions to which no response is required.  To the extent a response is required, Pilot denies the allegations.

43.     Denied.

44.     Denied.

### COUNT II – TITLE VII RACE DISCRIMINATION

45.      Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

46.     Pilot admits Plaintiff filed a Charge of Discrimination with the EEOC on or about February 7, 2023.  The remainder of Paragraph 46 contains a legal conclusion to which no response

is required. To the extent a response is required, Pilot denies the remaining allegations and specifically denies Plaintiff was wrongfully terminated.

47. Pilot admits the EEOC issued a Notice of Right to Sue letter on or about August 22, 2024. The remainder of Paragraph 47 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the remaining allegations.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

49. Paragraph 49 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

50. Denied.

51. Denied.

## COUNT III - § 1981

52. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

54. Denied.

55. Denied.

## COUNT IV – TITLE VII RETALIATION

56. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

57. Pilot admits Plaintiff filed a Charge of Discrimination with the EEOC on or about February 7, 2023. The remainder of Paragraph 46 contains a legal conclusion to which no response

7

is required.  To the extent a response is required, Pilot denies the remaining allegations and specifically denies Plaintiff was wrongfully terminated.

58. Pilot admits the EEOC issued a Notice of Right to Sue letter on or about August 22, 2024.  The remainder of Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response is required, Pilot denies the remaining allegations.

59. Paragraph 59 contains legal conclusions to which no response is required.  To the extent a response is required, Pilot denies the allegations.

60. Paragraph 60 contains legal conclusions to which no response is required.  To the extent a response is required, Pilot denies the allegations.

61. Denied.

62. Denied.

In response to the section of the Complaint titled "PRAYERS FOR RELIEF," this section and each of its subparts contains no allegations to which Pilot is required to respond. To the extent a response is required, Pilot denies that Plaintiff is entitled to any relief or remedy whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff. Pilot denies every allegation, averment, inference, or theory contained in Plaintiff's Complaint, whether expressed or implied, that is not specifically admitted to in the Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Pleading in the alternative when necessary, and without assuming any burden of proof that applicable law assigns to Plaintiff, Pilot pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. To the extent Plaintiff has failed to satisfy the applicable statute of limitations or other time limits, her claims are barred.

3. Plaintiff's claims for damages are barred or reduced to the extent she has failed to mitigate such alleged damages.

4. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to timely exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of its action or the inclusion of any claim in this action.

5. Plaintiff's claims may be barred by the doctrine of after acquired evidence.

6. Pilot's actions were made in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any of Plaintiff's legal rights.

7. Pilot had legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons for each action taken with regard to Plaintiff.

8. Plaintiff's damages are limited by all statutory caps.

9. Even if improper or impermissible motive played a role in any challenged employment actions, which Pilot denies, the same actions would have been taken without regard to the improper or impermissible motive.

10. Plaintiff's Complaint is barred, in whole or in part, because Pilot exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory conduct and because Plaintiff unreasonably failed to promptly take advantage of any preventative or corrective opportunities provided by Pilot or to otherwise avoid harm.

11. Any damages that might be awarded must be offset by any other monies, including sums received from subsequent employment, overpayment, and/or benefits Plaintiff received.

12. To the extent Plaintiff seeks punitive and/or liquidated damages in this matter, such damages are barred because Pilot acted in good faith and in a non-willful manner at all times, and because punitive and/or liquidated damages would be excessive and in violation of the due process clause of the federal and state constitutions.

Because the Complaint contains conclusory and vague terms, Pilot cannot fully anticipate all affirmative defenses that may be applicable to this case. Accordingly, Pilot reserves the right to assert additional defenses as may be appropriate in connection with facts obtained through discovery.

## **PRAYER FOR RELIEF**

Pilot respectfully requests that this Court;

1. Dismiss the Complaint with prejudice;
2. Award Pilot its costs and attorneys' fees as permitted by law; and
3. Grant Pilot such further relief as the Court deems just.

Dated: December 16, 2024

Respectfully submitted,

*s/ Sarah V. Belchic*
J. Christopher Anderson, Bar No. 19279
Sarah V. Belchic, Bar No. 37500
chrisanderson@littler.com
sbelchic@littler.com
LITTLER MENDELSON, P.C.
333 Commerce Street, Suite 1450
Nashville, Tennessee 37201
615.383.3033 (phone)
615.383.3323 (fax)

*Attorneys for Defendant Pilot.com, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of December, 2024, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

Ralph T. Gibson
Gibson Perryman Law Firm
5100 Poplar Avenue, Suite 2117
Memphis, TN 38137
901-526-0412
ralph@gibsonperryman.com

*s/ Sarah V. Belchic*
Sarah V. Belchic