IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF TENNESSEE

| | |
|---|---|
| LORIAN M. CRAWFORD, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 2:24-cv-02907 |
| ) | |
| PILOT.COM, INC., ) | Judge Norris |
| ) | |
|     Defendant. ) | Magistrate Judge Christoff |

**DEFENDANT PILOT.COM, INC.'S ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant Pilot.com, Inc. ("Defendant" or "Pilot"), by and through the undersigned counsel, responds to Plaintiff Lorian M. Crawford's ("Plaintiff") Amended Complaint as follows:

1.  Pilot lacks knowledge or information sufficient to form a belief about Plaintiff's citizenship or residency.

2.  Admitted.

3.  Pilot admits Plaintiff purports to bring claims pursuant to 42 U.S.C. § 1981, as amended, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., and the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq*. but denies Plaintiff is entitled to the relief she seeks in her Amended Complaint or any other relief and denies it has taken any unlawful actions with respect to Plaintiff. The remainder of Paragraph 3 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the remaining allegations.

4.  Pilot admits Plaintiff states in Paragraph 4 "this action" is filed pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601, *et seq* ("FMLA")., but denies Plaintiff alleged a

1

claim under the FMLA. Pilot further denies Plaintiff is entitled to the relief she seeks in her Amended Complaint or any other relief and denies it has taken any unlawful actions with respect to Plaintiff. The remainder of Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the remaining allegations.

5. Pilot does not dispute this Court's federal question jurisdiction. Pilot denies, however, that it violated any law with respect to Plaintiff or otherwise violated Plaintiff's rights and denies Plaintiff is entitled to the relief she seeks in the Amended Complaint or any other relief.

6. Pilot does not dispute venue in this Court. Pilot denies, however, that it violated any law with respect to Plaintiff or otherwise violated Plaintiff's rights and denies Plaintiff is entitled to the relief she seeks in the Amended Complaint or any other relief. Pilot lacks knowledge or information sufficient to form a belief about when Plaintiff allegedly began "working remotely" and from where.

7. Denied.

## 2019: GENESIS OF EMPLOYMENT

8. Pilot admits that on or about September 23, 2019, it employed Plaintiff as an Account Manager in the Finance Operations or "FinOps" department, the job responsibilities of which included, but were not limited to, providing bookkeeping services to Pilot's clients.

9. Pilot lacks knowledge or information sufficient to form a belief about what race or gender Plaintiff identifies.

10. Pilot denies Plaintiff was a "good, effective employee" during her employment. Pilot admits Plaintiff did not have any formal disciplinary actions prior to her separation as part of a company-wide reduction-in-force.

**2020**

11. Pilot admits that Plaintiff was a "Level 2," but denies the remaining allegations contained in Paragraph 11.

12. Denied.

13. Denied.

14. Pilot admits that in January 2021, Plaintiff became a Senior Account Manager and at some point, became a pod lead. Pilot further admits that Plaintiff's supervisor at that time was Andrew Belliveau, but Pilot lacks knowledge or information sufficient to form a belief about what race Belliveau identifies as. Pilot denies the remaining allegations in Paragraph 14.

15. Pilot denies the "pod lead" position was a "new position." Pilot lacks sufficient knowledge or information to form a belief about what "internal certification exam" Plaintiff is referring to but denies asking Plaintiff to sit for it or that an incremental raise was promised. Pilot denies the remaining allegations contained in Paragraph 15.

16. Pilot admits that prior to Belliveau, Jonathon River was Plaintiff's direct supervisor. Pilot denies the remaining allegations in Paragraph 16.

17. Pilot admits that Plaintiff was asked to consider what other team members she may want in her "pod," but Pilot denies Plaintiff was told she could "pick" the individuals. Pilot denies the remaining allegations contained in Paragraph 17.

18. Denied.

19. Pilot admits that another employee was selected a "pod lead," but denies this was a "promotion." Pilot lacks sufficient information or knowledge to form a belief about how this unidentified white female identifies or who the unidentified black male is. Pilot denies all remaining allegations in Paragraph 19.

20. Denied.

21. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff "witnessed." Pilot admits Madeline Lockhart was employed by Pilot and voluntarily took a part-time position before voluntarily leaving Pilot. Pilot denies the remaining allegations contained in Paragraph 21.

22. Pilot's PTO policy, and any revisions thereto, speak for itself, thus no response is required. Pilot denies the suggestion that it changed its PTO policy in response to any particular employee's medical leave and denies that Ms. Lockhart was "forced" to leave Pilot. Pilot denies the remaining allegations in Paragraph 22.

23. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff "witnessed" or motivations behind Plaintiff's actions. Pilot denies however, that it took any unlawful action against Lockhart. Pilot admits that, after an All Hands meeting, Plaintiff sent an email, which speaks for itself and thus no response is required. Pilot denies all other allegations contained in Paragraph 23.

24. The email referenced in Paragraph 24 of the Amended Complaint speaks for itself, thus, no response is required. Pilot, however, specifically denies that it "not[ed]" anything about Plaintiff or her "concerns" being problematic.

25. Pilot admits that at some point during Plaintiff's employment she was involved in Pilot's Black Employee Resource Group but denies all other remaining allegations in Paragraph 25.

**2021**

26. Pilot admits Plaintiff's job title was renamed to "Senior Finance Operations Account Manager." Pilot denies the remaining allegations in Paragraph 26.

27. Denied.

28. Pilot admits Plaintiff was required to perform assignments as part of her role as Senior Finance Operations Account Manager. Pilot denies the remaining allegations in Paragraph 28.

29. Pilot admits that in September 2021, Plaintiff took medical leave for approximately two weeks. Pilot denies any remaining allegations in Paragraph 29.

**2022**

30. Pilot admits that in January 2022, Plaintiff was moved into an Internal Operations Senior Associate role within the G&A Internal Operations team and that her initial direct supervisor was Cerisse Nedd before Nedd's departure. Pilot denies the remaining allegations in Paragraph 30.

31. Denied.

32. Pilot admits Plaintiff was required to perform her job responsibilities and duties as an Internal Operations Senior Associate. Pilot denies the remaining allegations contained in Paragraph 32.

33. Pilot admits that Rebecca Sorell was also on the G&A Internal Operations team and that portions of Plaintiff's job responsibilities included training new hires. Pilot denies any remaining allegations in Paragraph 33.

34. Pilot admits that Plaintiff reported to Moss in August 2022 that she was involved in a car accident but was okay and reported to Moss on occasion that her father was hospitalized and/or that Plaintiff would be out of the office for various reasons involving her father. Pilot denies the remaining allegations contained in Paragraph 34.

5

35. Pilot admits Plaintiff reported to Moss in August 2022 that she was involved in a car accident but was okay and reported to Moss on occasion that her father was hospitalized and/or that Plaintiff would be out of the office for various reasons involving her father. Pilot further admits that Plaintiff was allowed to utilize Pilot's PTO policy within the policy's parameters. Plaintiff did not request FMLA leave until October 2022, to which Pilot promptly responded. Pilot denies the remaining allegations contained in Paragraph 35.

36. Denied.

37. Pilot admits Plaintiff did not request FMLA leave until October 4, 2022. Pilot denies the remaining allegations contained in Paragraph 37.

38. Pilot admits Plaintiff was approved for FMLA leave from approximately October 3, 2022, to December 25, 2022. Pilot otherwise denies the remaining the allegations in Paragraph 38.

39. Pilot lacks sufficient knowledge or information to form a belief about whether and when Plaintiff's family members died. Pilot denies the remaining allegations in Paragraph 39.

40. Denied.

41. Pilot admits that Plaintiff was informed she had been overpaid by less than $200.00 by Pilot between October 3, 2022, and October 23, 2022. Pilot denies the remaining allegations contained in Paragraph 41.

42. Pilot admits Moss completed Plaintiff's 360 review during the normal review period and gave Plaintiff a performance rating of "Meets Most Expectations." The document speaks for itself, and no response is required concerning the contents of the review. Pilot denies the remaining allegations in Paragraph 42.

43. Pilot admits that Nedd departed Pilot in 2022, and that Plaintiff and Moss had generic discussions concerning her job responsibilities and duties. Pilot denies the remaining allegations contained in Paragraph 43.

44. Pilot lacks sufficient information or knowledge to identify the alleged "comparators" referred to in Paragraph 44 and therefore denies the allegations in Paragraph 44 of the Amended Complaint.

45. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff "felt." Pilot admits that upon her return from FMLA leave, Plaintiff contacted Carmen Cooper, VP People, and mentioned the loss of family members and concerns about her own job performance. Pilot denies the remaining allegations contained in Paragraph 45.

46. Pilot admits that Cooper encouraged Plaintiff to speak with her direct supervisor, Moss, because the Financial Operations team was considering a reorganization. Pilot denies the remaining allegations contained in Paragraph 46.

**2023**

47. Pilot admits it eventually learned Plaintiff filed for long-term disability and provided truthful and accurate information in response to Guardian's requests for information. Otherwise, Pilot denies the remaining allegations contained in Paragraph 47.

48. Pilot admits Moss had a conversation with Plaintiff discussing that the Financial Operations team was considering a reorganization. Pilot denies all other remaining allegations in Paragraph 48.

49. Pilot lacks sufficient information or knowledge to identify what Plaintiff is referring to in Paragraph 49 of her Amended Complaint and therefore denies same.

50. Pilot admits that on January 13, 2023, Plaintiff was informed that Pilot was eliminating her position as part of a reduction-in-force that included 47 employees. Pilot denies the remaining allegations in Paragraph 50.

51. The correspondence referenced in Paragraph 51 speaks for itself and no response is required. Pilot also admits that it terminated access to Pilot's email system for all individuals included in the reduction-in-force.

52. Pilot lacks sufficient information or knowledge to form a belief about what "surprised" Plaintiff and therefore denies the same.

53. Pilot admits that Plaintiff had communications with McKellar and Daher regarding the reduction-in-force. Pilot denies the remaining allegations contained in Paragraph 53.

54. The correspondence referenced in Paragraph 54 speaks for itself and no response is required.

55. The correspondence referenced in Paragraph 55 speaks for itself and no response is required.

56. The correspondence referenced in Paragraph 56 speaks for itself and no response is required.

57. Pilot lacks knowledge or information sufficient to form a belief about what Plaintiff has or has never had to do. Plaintiff otherwise denies the allegations in Paragraph 57.

58. Pilot admits that Plaintiff reported to Moss but denies the implication that she only reported to Moss between her return from FMLA leave on December 27, 2022, to January 13, 2023. The correspondence referenced in Paragraph 58 speaks for itself and no response is required.

59. Denied.

60. Pilot denies Plaintiff's description of "operations," and what her job role "f[ell] under." Pilot admits that of the four Internal Operations Associate positions, Pilot reduced the position by one. Otherwise, Pilot denies the remaining allegations in Paragraph 60.

61. Pilot admits that, after her separation as a result of the reduction-in-force, Plaintiff applied for several positions but was ultimately not selected. Otherwise, Pilot denies the remaining allegations in Paragraph 61.

62. Pilot admits that on or about January 17, 2023, Plaintiff applied for a Finance Operations Account Manager position, but denies she was qualified for or had previously worked in this role previously. The correspondence referred to in Paragraph 62 speaks for itself and thus no response is required. Pilot denies the remaining allegations in Paragraph 62.

63. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff "learned." Pilot denies the allegations in Paragraph 63.

64. Admitted.

65. Pilot admits that, after her separation as a result of the reduction-in-force, Plaintiff applied for several positions but was ultimately not selected. Pilot denies the remaining allegations in Paragraph 65.

66. Denied.

67. Pilot lacks sufficient information or knowledge to form a belief about what Plaintiff alleges an unidentified "recruiter" said or believed and thus denies the allegations in Paragraph 67. Pilot specifically denies that Pilot's hiring and recruitment processes are racist or in any way discriminatory or that it makes it impossible to bring attention to "racist hiring practices."

68. Pilot lacks knowledge or information sufficient to form a belief about Plaintiff's "overall health." Pilot denies that any "decline in [] overall health including but not limited to

increased emotional distress" is due to any conduct by Pilot or that Pilot has otherwise violated Plaintiff's rights and denies Plaintiff is entitled to the relief she seeks in the Complaint or any other relief.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

### COUNT I – RACE DISCRIMINATOIN § 1981

74. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

75. Paragraph 75 of the Amended Complaint contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

76. Denied.

77. Denied.

### COUNT II – TITLE VII RACE DISCRIMINATION

78. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

79. Pilot admits Plaintiff filed a Charge of Discrimination with the EEOC on or about February 7, 2023. The remainder of Paragraph 79 contains a legal conclusion to which no response is required. To the extent a response is required, Pilot denies the remaining allegations and specifically denies Plaintiff was wrongfully terminated.

80. Pilot admits the EEOC issued a Notice of Right to Sue letter on or about August 22, 2024. The remainder of Paragraph 80 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the remaining allegations.

81. Paragraph 81 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

82. Paragraph 82 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

83. Denied.

84. Denied.

## COUNT III - § 1981

85. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

86. Paragraph 86 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

87. Denied.

88. Denied.

## COUNT IV – TITLE VII RETALIATION

89. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

90. Pilot admits Plaintiff filed a Charge of Discrimination with the EEOC on or about February 7, 2023. The remainder of Paragraph 90 contains a legal conclusion to which no response is required. To the extent a response is required, Pilot denies the remaining allegations and specifically denies Plaintiff was wrongfully terminated.

11

91. Pilot admits the EEOC issued a Notice of Right to Sue letter on or about August 22, 2024. The remainder of Paragraph 91 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the remaining allegations.

92. Paragraph 92 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

93. Paragraph 93 contains legal conclusions to which no response is required. To the extent a response is required, Pilot denies the allegations.

94. Denied.

95. Denied.

## COUNT V – ADA DISCRIMINATION

96. Pilot incorporates by reference its responses to the foregoing paragraphs as if set forth fully herein.

97. The first sentence of Paragraph 97 contains a legal conclusion to which no response is required. To the extent a response is required, Pilot denies the allegations. Pilot denies the remaining allegations contained in Paragraph 97.

98. Denied.

99. Denied.

In response to the section of the Amended Complaint titled "PRAYERS FOR RELIEF," this section and each of its subparts (Paragraphs 100 through 107) contains no allegations to which Pilot is required to respond. To the extent a response is required, Pilot denies that Plaintiff is entitled to any relief or remedy whatsoever, and further denies that it has committed any unlawful or wrongful act with respect to Plaintiff. Pilot denies every allegation, averment, inference, or

12

theory contained in Plaintiff's Complaint, whether expressed or implied, that is not specifically admitted to in the Answer.

## AFFIRMATIVE AND OTHER DEFENSES

Pleading in the alternative when necessary, and without assuming any burden of proof that applicable law assigns to Plaintiff, Pilot pleads the following affirmative and other defenses and reserves the right to plead additional defenses that may become apparent during the defense of this lawsuit:

1. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. To the extent Plaintiff has failed to satisfy the applicable statute of limitations or other time limits, her claims are barred.

3. Plaintiff's claims for damages are barred or reduced to the extent she has failed to mitigate such alleged damages.

4. Plaintiff's claims are barred, in whole or in part, to the extent Plaintiff has failed to timely exhaust all necessary administrative, statutory, and/or jurisdictional prerequisites for the commencement of its action or the inclusion of any claim in this action.

5. Plaintiff's claims may be barred by the doctrine of after acquired evidence.

6. Pilot's actions were made in good faith and without malice, deliberate indifference, bad faith, or reckless disregard of any of Plaintiff's legal rights.

7. Pilot had legitimate, non-discriminatory, non-retaliatory, non-pretextual reasons for each action taken with regard to Plaintiff.

8. Plaintiff's damages are limited by all statutory caps.

9. Even if improper or impermissible motive played a role in any challenged employment actions, which Pilot denies, the same actions would have been taken without regard to the improper or impermissible motive.

10. All standards and selection criteria used by Pilot were job related and consistent with business necessity.

11. Plaintiff is not a qualified individual with a disability as defined by federal law.

12. Plaintiff's Complaint is barred, in whole or in part, because Pilot exercised reasonable care to prevent and correct promptly any discriminatory, harassing, or retaliatory conduct and because Plaintiff unreasonably failed to promptly take advantage of any preventative or corrective opportunities provided by Pilot or to otherwise avoid harm.

13. Any damages that might be awarded must be offset by any other monies, including sums received from subsequent employment, overpayment, and/or benefits Plaintiff received.

14. Plaintiff failed to provide proper notice of his need for leave as required by the FMLA.

15. To the extent Plaintiff seeks punitive and/or liquidated damages in this matter, such damages are barred because Pilot acted in good faith and in a non-willful manner at all times, and because punitive and/or liquidated damages would be excessive and in violation of the due process clause of the federal and state constitutions.

16. Pilot could not accommodate any alleged disability of Plaintiff's because it would have imposed an undue hardship.

17. Plaintiff is not entitled to damages to the extent Pilot attempted to provide Plaintiff with a reasonable accommodation and engaged in good faith efforts to identify and make reasonable accommodations

Because the Amended Complaint contains conclusory and vague terms, Pilot cannot fully anticipate all affirmative defenses that may be applicable to this case.  Accordingly, Pilot reserves the right to assert additional defenses as may be appropriate in connection with facts obtained through discovery.

**PRAYER FOR RELIEF**

Pilot respectfully requests that this Court;

1. Dismiss the Amended Complaint with prejudice;

2. Award Pilot its costs and attorneys' fees as permitted by law; and

3. Grant Pilot such further relief as the Court deems just.

Dated: July 17 2025

        Respectfully submitted,

        *s/ Sarah V. Belchic*
        J. Christopher Anderson, Bar No. 19279
        Sarah V. Belchic, Bar No. 37500
        chrisanderson@littler.com
        sbelchic@littler.com
        LITTLER MENDELSON, P.C.
        333 Commerce Street, Suite 1450
        Nashville, Tennessee 37201
        615.383.3033 (phone)
        615.383.3323 (fax)

        *Attorneys for Defendant Pilot.com, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 17th day of July, 2025, the foregoing was filed electronically through the ECF system, is available for viewing and downloading from the ECF system and will be sent electronically to the registered participants identified on the Notice of Electronic Filings, including Plaintiff's counsel of record as follows:

    Ralph T. Gibson
    Gibson Perryman Law Firm
    5100 Poplar Avenue, Suite 2117
    Memphis, TN 38137
    ralph@gibsonperryman.com

                                                   *s/ Sarah V. Belchic*
                                                   Sarah V. Belchic